# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **INNOVATION LAW LAB**,<br><br>              Plaintiff,<br><br>        v.<br><br>**CHAD WOLF**, Acting Secretary, Department of Homeland Security, **MATTHEW ALBENCE**, Acting Director, Immigration and Customs Enforcement, **NATHALIE ASHER**, Acting Field Office Director, Seattle Field Office of ICE, in their official capacities only,<br><br>              Defendants. | Case No. 3:20-cv-01366<br><br>**ORDER** |

**IMMERGUT, District Judge.**

Before this Court is Plaintiff's Motion for a Temporary Restraining Order ("TRO"). Plaintiff is an Oregon based nonprofit organization that provides legal representation to undocumented individuals detained by Immigration and Customs Enforcement ("ICE"). Plaintiff alleges that two individuals were detained by ICE on August 12, 2020 in Central Oregon, and

PAGE 1 – ORDER

that while the individuals were in ICE custody, Plaintiff's attorneys were denied the ability to represent them. Plaintiff asks this Court to enjoin Defendants from transporting these individuals outside the jurisdiction of this Court. Plaintiff also seeks guaranteed access to the individuals to provide them legal services.

On August 13, 2020, the Court held a hearing on Plaintiff's motion. After considering the pleadings, supporting declarations, and the arguments of counsel, this Court finds that Plaintiff has not satisfied its burden to merit such an extraordinary remedy. Plaintiff's motion for a TRO is therefore denied. This Court has scheduled a preliminary injunction hearing for September 3, 2020 at 10:00 a.m.

## STANDARD

When considering a motion for temporary restraining order, courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A plaintiff seeking a preliminary injunction generally must show that: (1) he or she is likely to succeed on the merits; (2) he or she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his or her favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Like a preliminary injunction, a temporary restraining order is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22. In addition to meeting these requirements, as a threshold concern, a Plaintiff must have standing to sue. *See Allen v. Wright*, 468 U.S. 737, 750–51 (1984).

## DISCUSSION

### A. Standing

Plaintiff has failed establish standing to bring this motion. In order to sue in federal court, a "constitutional minimum" of standing must be met. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). That minimum requires three elements to be satisfied: (1) the plaintiff must have suffered an "injury in fact"— an invasion of a legally protected interest that is concrete and particularized, as well as actual or imminent (as opposed to conjectural or hypothetical); (2) there must be a causal connection between the injury and the offending conduct; and (3) it must be "likely" that the injury will be redressed by a favorable decision from the court. *Id.* at 560–61 (internal quotations and citations omitted); *see also Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Plaintiff bears the burden of proving all three elements. *Lujan*, 504 U.S. at 561.

As an initial matter, this Court notes that Plaintiff is not bringing suit on behalf of the individuals detained on August 12th by ICE. Therefore, for the purposes of standing, the harms it alleges to have suffered must be particularized to its own unique position as a legal services provider. Plaintiff is a nonprofit organization. An organization may assert standing on its own behalf without invoking the rights of third-party individuals. *See East Bay Sanctuary Covenant v. Trump*, 950 F.3d 1242, 1265 (9th Cir. 2020) ("EBSC II"). But, in order to do so, an organization must show that "defendant's behavior has frustrated its mission and caused it to divert resources in response to that frustration of purpose." *Id.* (citing *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002)); *see also East Bay Sanctuary Covenant v. Barr*, 964 F.3d 832, 844 (9th Cir. 2020). An organizational plaintiff must show it has been "perceptibly impaired" in its ability to perform its services in order to prevail on its burden to prove standing. *EBSC II*, 950 F.3d at 1265.

PAGE 3 – ORDER

On the pleadings before the Court, Plaintiff has not provided sufficient evidence to satisfy organizational standing requirements. Plaintiff primarily alleges injuries on behalf individuals that are not party to this suit. Plaintiff has not described in any detail a concrete, particularized, or actual harm beyond frustrated attempts to communicate with two prospective clients immediately following their detention. Any potential impairment to Plaintiff's services is minimized by the fact that Plaintiff appears to have since established an attorney-client relationship with both individuals, as represented to the Court at oral argument. Without further indication that Defendants' behavior has "frustrated [Plaintiff's] mission and caused it to divert resources in response to that frustration of purpose," Plaintiff cannot establish organizational standing.

**B. TRO Factors**

Even assuming Plaintiff has met the threshold requirements for standing, Plaintiff's claims fail on the factors considered in a TRO. Regarding the likelihood of success on the merits, this Court finds that Plaintiff has failed to advance authority demonstrating Defendants acted unlawfully or otherwise violated an established First Amendment right held by Plaintiff. This Court finds that based on the evidence presented, Plaintiff was not in an attorney-client relationship with the detained individuals at any moment relevant to their claims. This Court is not aware of a First Amendment right to engage with prospective clients immediately following their detention.

Further, Plaintiff has not shown any likelihood of irreparable harm in the absence of a TRO. Plaintiff's primary claim relates to the inability to provide legal services to two individuals at the time of their detention. But there is no indication that Plaintiff has since been unable to contact the individuals and offer legal assistance. Indeed, as previously mentioned, at oral

argument Plaintiff confirmed that it has now established an attorney-client relationship with the two detained individuals. Perhaps most importantly, the Government represented at oral argument that the detained individuals will not be deported before the Court has had the opportunity to review further briefings and arguments for a preliminary injunction.

Finally, this Court finds that the balance of equities and the public interest do not weigh in Plaintiff's favor. Plaintiff alleges its attorneys were unable to speak with two prospective clients in the moments immediately following the individuals' detention. For the reasons previously discussed, Plaintiff has not established a compelling justification or a legitimate public interest meriting equitable relief at this time.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for a TRO, ECF 2, is DENIED.

**IT IS SO ORDERED.**

DATED this 13th day of August 2020.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 5 – ORDER